**STATE of Maine**

v.

**Arthur Howard THOMAS.**

Supreme Judicial Court of Maine.

Feb. 7, 1973.

Joseph E. Brennan, County Atty., Arthur Stilphen, Asst. Atty. Gen., Portland, for plaintiff.

Basil A. Latty, Craig E. Turner, Yarmouth, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, ARCHIBALD, POMEROY and WERNICK, JJ.

ARCHIBALD, Justice.

The appellant was indicted, tried before a jury, convicted of a violation of 17 M.R.S.A. § 2656,[1] and has appealed. We deny the appeal.

The only issue preserved for appellate review is thus stated:

"1. The Presiding Justice erred in allowing certain testimony in evidence over the Defendant's objection . . . to wit, testimony allowing expert witness to testify that the spent shell introduced in evidence was fired by the handgun introduced in evidence."

The victim of the assault, an employee at the Greyhound Bus Terminal in Portland, described the defendant's conduct in this language:

"A Well, I was sitting at the desk at the ticket office and this guy came up to the window, you know, and I asked, 'May I help you?' And, he took out a gun and told me, 'Give me all of the money in the cash drawer.' "

Q What did you do?

A So I opened the cash drawer and as soon as I got my hand in the cash drawer, he shot me.

Q Where were you shot?

A In the stomach."

At trial the appellant was positively identified by the victim as well as by a fellow employee who was an eye witness to the shooting. This "in court" identification was not challenged.

The witness who observed the episode recovered a spent .22 caliber cartridge casing (Exhibit 3) from the scene and turned it

1. "Whoever assaults another with intent to murder or kill, if armed with a dangerous weapon, shall be punished . . . . "

over to the police. A subsequent validly conducted search of the appellant's apartment produced a .22 caliber pistol (Exhibit 1).

■ After a preliminary examination in the absence of the jury, it was ruled that a member of the Maine State Police was qualified as an expert witness in the field of ballistics. The qualification of the witness as an expert was properly presented to the presiding justice as a preliminary question, and the record discloses no error in his ruling. State v. Libby, 153 Me. 1, 133 A.2d 877 (1957); State v. Wardwell, 158 Me. 307, 318, 183 A.2d 896, 903 (1962); Parker v. Hohman, 250 A.2d 698 (Me. 1969).

■ The police officer, having described his training and experience to the jury, then testified as follows:

"Q Now . . . as a qualified expert in the field of firearms, do you have an opinion as to whether or not this shell casing, Exhibit No. 3, was fired from Exhibit No. 1?

A Yes, sir, I do.

.    .    .    .    .    .

Q Mr. . . ., what is that opinion?

A That State's Exhibit No. 3 absolutely was fired in State's Exhibit No. 1, with no reservations to the findings after fixing them under the microscope."

Appellant argues that this testimony was "presented as a statement of fact" as opposed to being "only an opinion and not an observed fact." We consider this argument to be nothing more than a hypertechnical exercise in semantics. An expert may, on certain facts, have firm convictions while, on other facts, his opinions may tend to be somewhat equivocal. In either event, he still expresses an opinion which, based on appropriate instructions, is proper for a jury to consider. A presiding justice, knowing that he is ultimately to explain to the jury its right to evaluate the weight to be given such evidence, acts properly in admitting the testimony. Such is the case here.[2]

Although we have disposed of the only issue properly before us, because of the serious nature of the crime charged we have studied the record in its entirety and find it to be without error.

The entry is:

Appeal denied.

POMEROY and WERNICK, JJ., did not sit.

All Justices concurring.

---

2. Now, I have talked at length about evidence and its weight, and I will say now, and again, that you are the judges of the weight and credibility of the testimony of the witnesses. . . . [T]he rules of evidence do not ordinarily permit witnesses to testify as to opinions or conclusions. And, an exception to this rule exists with reference to those who are called expert witnesses, witnesses who, by reason of education or experience or learning or training, have become expert in some art or science or profession or calling. They are allowed to state an opinion as to the relevant and material matters in which they profess to be expert. . . . If you should determine that the opinion of the expert witness is not based upon sufficient education or experience or learning or ability in the field, and then you are at liberty to disregard that opinion expressed in its entirety or to accept such of it as you feel is justified by reason of the training and experience of the so-called expert."